OPINION
{¶ 1} This is an accelerated calendar case submitted on the record and the briefs of the parties. Appellant, Elkosta Jones, appeals from the judgment entered by the Trumbull County Court of Common Pleas. The trial court found that there was a settlement agreement reached in an underlying action that was pending between Jones and the defendants, including appellee, the city of Warren, Ohio, Community Development Dept. ("the city").
{¶ 2} Jones contracted with the city to have improvement work done to his home. In exchange for this work, the city offered Jones a loan. Jones was to make monthly payments toward the loan. The city held a lien on Jones' house due to the mortgage loan.
{¶ 3} Jones became unhappy with the quality of the work being done on his house and filed a lawsuit for breach of contract, naming the city and T J Construction Company. Jones also stopped making his monthly payments. In response to the lack of payments from Jones, the city filed a counter-claim seeking to foreclose on the mortgage held on Jones' house. The city also named Jones' ex-wife, Towandalyn Jones ("Towandalyn"), in the foreclosure action.
{¶ 4} The parties had numerous pre-trial conferences with Magistrate McCarthy. Allegedly, the parties reached a settlement agreement during a March 22, 2001 pre-trial conference. Attorney James Ries, the Deputy Law Director for the city of Warren, reduced the oral agreement to writing. A copy of this settlement agreement was sent to Attorney Wayne Sarna, who was representing Jones in the matter. Jones went to Attorney Sarna's office a day or two after the pretrial conference. Jones read over the document and signed it. Thereafter, he took the document to Towandalyn's house for her to sign it. While parked in her driveway, Jones changed his mind and decided he did not want to settle the case.
{¶ 5} A hearing was held before Magistrate Cornicelli to determine if the settlement agreement was enforceable. The magistrate found that the parties had entered into a valid settlement agreement and that a copy of the settlement agreement, appended to the decision as Exhibit A, was a "full and fair representation" of the settlement agreement entered into between the parties. The trial court adopted the magistrate's decision in its judgment entry. In the entry, the trial court included language pursuant to Civ.R. 54(B) indicating that there was no just reason for delay.
{¶ 6} Jones raises three assignments of error in this appeal. His first assignment of error is:
{¶ 7} "The trial court erred to the prejudice of the appellant by ruling that an enforceable agreement had been entered into by appellant."
{¶ 8} A settlement agreement requires a meeting of the minds as well as an offer and acceptance of that offer. The Supreme Court of Ohio has held that oral settlement agreements entered into in the presence of the court constitute binding contracts. In Spercel, an oral settlement agreement was reached in front of the judge in chambers. However, the plaintiff refused to sign a release. The Supreme Court of Ohio held that there was an enforceable settlement agreement between the parties.
{¶ 9} In the case sub judice, there was evidence presented that Jones agreed to an oral settlement in front of the magistrate in chambers. Thereafter, he signed a written copy of the settlement agreement. It was only when he arrived at his ex-wife's home that he decided he did not want to settle the case. However, the settlement was binding when the oral settlement agreement was reached in the magistrate's chambers. The fact that Jones signed the written settlement agreement is not relevant to make the written agreement binding but, rather, is additional evidence of Jones' state of mind that the case had been settled.
{¶ 10} The trial court did not err in concluding that an enforceable settlement agreement had been reached. Jones' first assignment of error is without merit.
{¶ 11} Jones' second assignment of error is:
{¶ 12} "The trial court erred by holding that there was a settlement contract despite clear evidence that necessary consent of both parties was lacking and the necessary definiteness and certainness of the contract was lacking."
{¶ 13} The Supreme Court of Ohio has stated the following regarding the requirements of binding contracts:
{¶ 14} "'It is not even enough that they had actually agreed, if their expressions, when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of the agreement are. Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract.' (footnote omitted.)"
{¶ 15} Attorney Ries testified that Jones agreed to the terms of the settlement agreement in the Magistrate's chambers. He reduced the terms of this settlement agreement to writing and forwarded it to Attorney Sarna. Jones testified that after the settlement agreement was reduced to writing, he read and understood the document. He then signed the document with the understanding that the case had been settled. Jones never testified that he did not understand the settlement agreement or that the terms of the contract were vague. Rather, he only testified that he later chose not to enter into the agreement when parked in Towandalyn's driveway. In fact, Jones testimony indicates that he did understand the contract and the terms of the contract were definite and certain.
{¶ 16} Appellant asserts that the court relied on improper "double hearsay" statements. Appellant alleges that Attorney Ries should not have been permitted to testify to what Magistrate McCarthy may have said to Jones, since Jones testified that he was alone with Magistrate McCarthy at one time. There was no objection to this testimony, so appellant has waived this argument on appeal. In addition, Attorney Ries testified that he was present during the March 22, 2001 pretrial conference, so he could very well have been testifying to what he observed in the session. Finally, Attorney Ries was testifying to the existence of an oral contract, which is verbal conduct. Thus, the statements of the parties were not being offered to prove the truth of the matter asserted, as is required under the hearsay rules, but, rather, the statements had independent legal significance.
{¶ 17} There was sufficient evidence presented to establish that Jones entered into an oral settlement agreement in the magistrate's chambers and that the settlement agreement contained the requisite definiteness and certainty.
{¶ 18} Jones' second assignment of error is without merit.
{¶ 19} Jones' third assignment of error is:
{¶ 20} "The trial court erred by accepting the referee's erroneous finding that a settlement had been reached on the word of counsel that has no special authorization to settle from the client."
{¶ 21} There was evidence presented at the hearing that Jones, himself, agreed to the settlement in the magistrate's chambers. Therefore, Jones' assertion that his attorney could not settle the case on his behalf without his consent is irrelevant.
{¶ 22} Jones also makes the argument that since Towandalyn did not sign the written settlement agreement, the agreement is non-binding. This argument is moot, as the city of Warren voluntarily dismissed Towandalyn Jones in a pleading filed March 22, 2001.
{¶ 23} Jones' third assignment of error is without merit.
{¶ 24} The judgment of the trial court is affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.